IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LESLIE SUMMERS,

     Plaintiff,

v.                                             Case No. 19-cv-0476 JCH-KBM

STATE OF NEW MEXICO
DEPARTMENT OF CORRECTIONS, *et al,*

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's *Pro Se* Civil Rights Complaint (Doc. 1). Plaintiff seeks money damages on the ground that his state criminal sentence is illegal. Having reviewed the matter *sua sponte*, the Court concludes the claim fails as a matter of law. The Court will therefore dismiss the Complaint with prejudice.

### I.     Background

Plaintiff was previously incarcerated at the Northeast New Mexico Detention Facility (NNMDF) in Clayton, New Mexico. (Doc. 1 at 1). The Complaint alleges he was convicted of some unspecified crime in New Mexico state court. *Id*. at 2. The state criminal docket reflects that in 2018, a jury convicted Plaintiff of aggravated battery with a deadly weapon. *See* Judgment in Case No. D-504-CR-2017-00180; *see also United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (courts may take judicial notice of another docket). The state court sentenced Petitioner to four years imprisonment, with one year suspended. *Id.* The sentence includes a one-year firearm enhancement pursuant to N.M.S.A. § 31-18-16. *Id.* Plaintiff also alleges it includes an aggravating-circumstance enhancement under N.M.S.A. § 31-18-15.1(D) and is subject to the 85% Rule, which requires him to serve 85% of his sentence before becoming eligible for release. (Doc.

1 at 2).  Those details are not apparent from the criminal judgment, but the Court assumes they are

true for the purpose of this ruling.

Plaintiff contends the sentence is illegal and violates the U.S. Constitution.  (Doc. 1 at 2-3).

In particular, he contends the State should have notified him about the 85% Rule and any

enhancements five days prior to trial.  *Id.* at 2.  Plaintiff also appears to allege that, notwithstanding

the notice defects, the state court should not have imposed the 85% Rule, and he should only have

to serve 50% of his sentence.  *Id.* at 4.  Based on the allegedly illegal sentence, Plaintiff seeks

$233,000 in damages under the Due Process Clause, the Eighth Amendment, and 42 U.S.C. § 1983.

*Id.* at 4.  He also seeks "corrective action" on the sentence, presumably in the form a reduction.  *Id.*

at 2.  The latter request is moot; Plaintiff was released from prison in April of 2020.  (Doc. 16).

The Complaint names three Defendants: (1) the State of New Mexico; (3) the New Mexico

Department of Corrections (NMDOC); and (3) NNMDF Warden Bowen.  *Id.* at 1, 2.  Plaintiff

obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

**II.**     **Standards Governing *Sua Sponte* Review**

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma*

*pauperis* complaints filed while an individual is incarcerated.  *See* 28 U.S.C. § 1915(e).  The Court

must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which

relief may be granted."  28 U.S.C. § 1915(e).  To survive initial review, the complaint must contains

"sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## III.     Discussion

The crux of Plaintiff's Complaint is that Defendants recommended or executed an illegal sentence in violation of Section 1983. This claim fails as a matter of law, for two reasons. First, none of the Defendants are subject to liability under § 1983. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, cannot be sued for damages. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989). As a state agency, the same rule applies to NMDOC. *See Blackburn v. Department of Corrections*, 172 F.3d 62, 63 (10th Cir. 1999) ("New Mexico Department of Corrections is not a 'person' subject to suit under § 1983"). Prison wardens can be liable under § 1983, but only if: (1) they were personally involved in the alleged wrongdoing; or (2) the wrongdoing was based on their own policy or custom. *See Brown v. Montoya*, 662 F.3d 1152, 1164–65 (10th Cir. 2011) ("Personal liability under § 1983 must be based on [the supervisor's] personal involvement, and supervisory liability must be based on his Policy"). Warden Bowen could not have been involved in state court's imposition of an illegal sentence. To

3

the extent Bowen improperly executed the sentence, this is still not grounds for § 1983 relief. Plaintiff must challenge the execution of his sentence  in a habeas corpus proceeding.  *See Rueb v. Brown*, 504 Fed. App'x 720, 722 (10th Cir. 2012) (noting plaintiff could not seek damages under § 1983 based on the "legality of the manner in which his [valid] sentences are being executed"); *Frey v. Adams Cnty. Court Servs.*, 267 Fed. App'x. 811, (10th Cir. 2008) (dismissing § 1983 claim seeking damages because state sentences should have been served concurrently).  The Complaint therefore fails to state a claim against any named Defendant.

Alternatively, even if Plaintiff named the individuals responsible for his state sentence, the requested relief is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994).  *Heck* held that the Federal Court must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of an existing conviction or sentence.  *Id.* at 487.  The state criminal docket reflects that Plaintiff's criminal judgment has not been vacated and remains intact. *See* Case No. D-504-CR-2017-00180 (denying state habeas relief on May 1, 2020).  Compensating Plaintiff for an illegal sentence would clearly imply that the state criminal judgment is invalid.  *See Denney v. Werholtz*, 348 Fed. App'x 348, 351 (10th Cir. 2009) (affirming application of *Heck* to § 1983 claim challenging an "indeterminate [state] sentence").

For these reasons, the Complaint fails to state a claim upon which relief can be granted. The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.      The Court Declines to *Sua Sponte* Invite an Amendment

When the Court determines a complaint fails to survive initial review, *pro se* prisoners are often given an opportunity to remedy defects in their pleadings.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, courts need not *sua sponte* invite an amendment when any

amended complaint would also be subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Amending the Complaint would be futile in this case. As a matter of law, Plaintiff cannot recover damages from the parties responsible for his state sentence. The Court also cannot correct a state sentence in a Section 1983 action. Challenges to a state sentence must be brought in a habeas corpus proceeding. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Accordingly, the Court declines to *sua sponte* order an amendment and will dismiss the Complaint with prejudice. If Plaintiff wishes to challenge the state sentence in federal court, he must file a habeas proceeding under 28 U.S.C. § 2254.

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and the Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE